# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HADARI STALLWORTH, | 3:16-cv-00540-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 22 |
| OXBORROW, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's "Motion for Order to Compell (sic) Discovery." Plaintiff states he is ". . . requesting the Court to order Discovery phase as opposed to an Oppisitional (sic) Summary Judgment due to the following criteria . . . ." Plaintiff then set forth what appears to be an explanation for his request to undertake discovery to not only oppose Defendants' motion for summary judgment but general discovery as well. (ECF No. 22.)

## BACKGROUND

Defendants filed a Motion for Summary Judgment on December 28, 2017. (ECF No. 17.) The grounds for the motion are that Plaintiff failed to exhaust his administrative remedies (grievances) with respect to the allegations which were allowed to proceed against Defendants Oxborrow, Matoud and Armstrong, i.e., alleged refusal to provide Plaintiff "both emergency and information grievances when asked." (Screening Order, ECF No. 5 at 4.) Defendants' motion contends that "Plaintiff's NDOC grievance history does not reflect that he ever grieved and therefore could never have fully exhausted the issue of Defendants failing to hand out grievance forms. . . . Plaintiff's failure to complete the grievance process as to the relevant issues in his complaint is a procedural bar necessitating the dismissal of this action without prejudice." (ECF No. 17 at 3.)

After Defendants filed their Motion for Summary Judgment, the court issued a minute order advising Plaintiff, *inter alia*, that Defendants' motion if granted would terminate his case. The Plaintiff was informed of his obligation to oppose the motion by submitting any contradictory law or facts within 21 days, citing *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 18.) Plaintiff's opposition was due on January 8, 2018.

Plaintiff filed a motion for extension of time to oppose Defendants' motion (ECF No. 19). Plaintiff's motion did not identify any discovery Plaintiff needed to undertake to be able to oppose Defendants' motion. (*Id.*) The court nevertheless granted Plaintiff's motion and required Plaintiff to file his opposition no later than March 26, 2018.

On March 21, 2018, Plaintiff submitted his pending motion requesting to be allowed to undertake discovery to, among other issues, ". . . collect the evidence I need in order to pass summary judgment," ". . . to uncover factual information about the events that gave rise to this case." (ECF No. 22 at 1.)

## DISCUSSION

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust available administrative remedies before filing § 1983 actions in federal court. 42 U.S.C. § 1997e(a). If an inmate fails to exhaust the grievance process, then the defendant against whom the § 1983 claim is brought is entitled to summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Albino v. Baca*, 747 F.3d 1162, 1170, *cert. denied*, 135 S.Ct. 403 (Oct. 20, 2014) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If there are disputed factual questions, they "should be decided at the very beginning of the litigation." *Id*. at 1171.

Although not well articulated, Plaintiff seeks to undertake discovery to be able to oppose Defendants' motion. The court will interpret Plaintiff's motion as a request under Fed. R. Civ. P. 56(d)(2) to take discovery to be able to "present facts essential to justify [his] opposition." Rule 56(d). The Defendants' "exhaustion" motion, if granted, would dispose of the case. Therefore, the court will *not* allow Plaintiff to undertake general discovery. However, the court will

allow Plaintiff to pursue discovery solely on the exhaustion issues presented by Defendants' motion for summary judgment. Plaintiff must complete his targeted discovery within **sixty (60) days** of this order. Plaintiff will have **thirty (30) days** thereafter to submit his opposition to Defendants' Motion for Summary Judgment, i.e., **June 26, 2018**.

If Defendants' Motion for Summary Judgment on the exhaustion issue is denied, the court will thereafter enter a Scheduling Order at which time the parties may undertake general discovery.

**IT IS SO ORDERED.**

DATED: March 28, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE