UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| HADARI STALLWORTH, | Case No. 3:16-cv-00540-MMD-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| OXBORROW, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 17, 17-1 to 17-6.) Despite being given an extension of time to file it (*see* ECF No. 23.), Plaintiff has not filed a response to the motion.

After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id*.) Defendants are John Oxborrow, Herman Matoud and Dorsey Armstrong. (*Id*.; Screening Order, ECF No. 5.)

On screening Plaintiff was allowed to proceed with a claim for denial of access to the grievance process based on allegations that all three officers refused to give Plaintiff both emergency and informal grievance forms when asked. (ECF No. 5.)

The Attorney General's Office accepted service on behalf of Matoud and Oxborrow, but

1 not on behalf of Armstrong, who was a former employee of NDOC. (ECF No. 12.) Armstrong's
2 address was filed under seal, and a summons was issued for Armstrong on November 15, 2017.
3 (ECF Nos. 13, 16.) The summons was returned unexecuted (ECF No. 21); however, the motion
4 for summary judgment was filed on behalf of Armstrong, Matoud and Oxborrow. (*See* ECF No.
5 17 at 1.)

6 Defendants filed their motion for summary judgment on December 28, 2017, arguing that
7 Plaintiff failed to exhaust his administrative remedies. (ECF No. 17.) On January 24, 2018,
8 Plaintiff filed a motion for enlargement of time of sixty days to respond to the motion. (ECF No.
9 19.) The motion was granted, and Plaintiff was given until March 26, 2018 to file his response.
10 (ECF No. 20.)

11 On March 26, 2018, Plaintiff filed a motion asking the court to allow him to conduct
12 discovery (including discovery to demonstrate he did exhaust his administrative remedies). (ECF
13 No. 22.) The court interpreted this as a request under Federal Rule of Civil Procedure 56(d), and
14 granted the motion insofar as the court allowed Plaintiff to pursue discovery solely on the
15 exhaustion issues presented by the motion for summary judgment. (ECF No. 23.) Plaintiff was
16 given sixty days to complete this targeted discovery, and was ordered to file his response to
17 Defendants' motion for summary judgment by June 26, 2018. (*Id*.) As of the date of this Report
18 and Recommendation, Plaintiff has not filed a response to the motion for summary judgment.

## II. LEGAL STANDARD

20 "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute
21 as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468,
22 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all
23 reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810
24 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall
25 grant summary judgment if the movant shows that there is no genuine dispute as to any material
26 fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other
27 hand, where reasonable minds could differ on the material facts at issue, summary judgment is not
28 appropriate. *See Anderson*, 477 U.S. at 250.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to

establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

**A. Exhaustion Standard**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

- 4 -

available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)), *cert. denied*, 135 S.Ct. 403 (Oct. 20, 2014). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

As such: "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Id*. at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If there are disputed factual questions, they "should be decided at the very beginning of the litigation." *Id*. at 1171.

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process). The ultimate burden of proof, however, remains with the

defendant. *Id*.

The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). That being said, an inmate exhausts available administrative remedies "under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658.

To reiterate, an inmate need only exhaust "available" administrative remedies. *See Ross v. Blake*, 136 S.Ct.1850, 1858 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859 (quoting *Booth*, 532 U.S. at 738).

If the court concludes that administrative remedies have not been properly exhausted, the unexhausted claim(s) should be dismissed without prejudice. *Wyatt*, 315 F.3d at 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

"If the district judge holds that the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits." *Albino*, 747 F.3d at 1171.

**B. Analysis**

For purposes of their motion for summary judgment on exhaustion grounds, Defendants do not dispute the key facts alleged in Plaintiff's complaint: (1) On August 29, 2016, Plaintiff

- 6 -

1  asked Oxborrow to be put on the list for yard time, and Oxborrow allegedly told him no; (2) as a
2  result, Plaintiff asked for an emergency grievance, but his call was not answered; (3) later that
3  day, Plaintiff asked Armstrong for an emergency grievance and Armstrong allegedly told him:
4  "no can do-I was told by Oxborrow not to give you any"; (4) the next day, he asked Matoud for
5  an emergency grievance and informal grievance, telling Matoud what had occurred, and Matoud
6  replied: "no, you good you don't need a grievance for that"; (5) Plaintiff asked again later that
7  day and Matoud allegedly said no. (*See* ECF No. 17 at 2.)
8          According to Defendants, Plaintiff did not exhaust his administrative remedies by filing
9  and completing the grievance process raising the issue of the refusal of these Defendants to give
10 him grievance forms.
11         Under Administrative Regulation (AR) 740, an inmate must complete three levels of the
12 grievance process for his administrative remedies to be considered exhausted: the informal, first
13 and second levels. (ECF No. 17-4.)
14         Plaintiff filed an emergency grievance on August 27, 2016 (two days before the events
15 alleged in the complaint took place), grievance number 2006-30-32086, complaining about his
16 yard time, but the grievance did not accuse the defendants of failing to hand out the grievance
17 forms. (ECF No. 17-2.)
18         Plaintiff filed an informal grievance on September 19, 2016 (grievance number 2006-30-
19 33712), and again complained about Oxborrow not letting him go to the yard, but he did not
20 mention the refusal of the Defendants to give him grievance forms. (ECF No. 17-3 at 2.) He filed
21 a first level grievance, where he stated that Oxborrow denied him exercise time and showers.
22 (ECF No. 17-3 at 4-5.) The first level grievance also did not mention Oxborrow (or any of the
23 other defendants) refusing to give him grievance forms. In any event, he did not complete this
24 grievance through all levels.
25         Plaintiff did not file a response asserting that he did in fact exhaust his administrative
26 remedies as to these claims, or that administrative remedies were not available to him. While the
27 court had some concern about Plaintiff's ability to access the grievance forms given his
28 allegations, the evidence presented by Defendants indicates he did subsequently gain access to

grievance forms.

Defendants presented evidence that Plaintiff did not exhaust his administrative remedies on the claims that these Defendants refused to give him grievance forms, and Plaintiff did not respond to make any argument in rebuttal or to demonstrate administrative remedies were unavailable to him. Therefore, there is no genuine dispute of material fact as to whether Plaintiff failed to exhaust his administrative remedies, and summary judgment should be granted in Defendants' favor.

While the failure to exhaust administrative remedies normally results in dismissal of an action without prejudice; AR 740 gives an inmate six months to file a grievance on a particular issue (ECF No. 17-4 at 6, AR 740.05.4.A), and here, Plaintiff would be outside the six-month period to grieve the issue to file another action; therefore, the dismissal here should be with prejudice.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment (ECF No. 17), and entering judgment in Defendants' favor.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 29, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE